REMMEL *v.* WITHERINGTON.

Opinion delivered July 22, 1905.

AGENCY—RESPONDEAT SUPERIOR.—Where a special insurance agent represents and acts for his superior, the general agent, in taking notes for premiums, the general agent is bound by and responsible for the fraudulent acts of the special agent in taking such notes.

Appeal from Calhoun Circuit Court.

CHARLES W. SMITH, Judge.

Affirmed.

### STATEMENT OF FACTS BY THE COURT.

This is an action brought by appellant, Remmel, against appellee, Witherington, to recover the amount of a negotiable promissory note for the sum of $414.60, executed by appellee to one Ward, and by the latter assigned before maturity to appellant. Appellant was the general agent for a life insurance company, and Ward was a sub-agent, or, as he is designated in the proof, a special agent working under appellant. The note in question was executed to cover the first annual premium for a policy of $10,000 in said insurance company. Appellee, Witherington, was illiterate, and unable to write his name, but signed the note by mark, and the note and signature were written and witnessed by Ward. Ward also wrote the signature of appellee to the application for insurance.

The policy for $10,000 was issued by the company, and mailed to appellee, who declined to accept it, and refused to pay the note, for the alleged reason that he intended only to apply for insurance in the sum of $2,000 and to execute a note for premium on a policy for that amount, and that Ward had taken

advantage of his illiteracy, and fraudulently imposed upon him by writing his signature to an application for a $10,000 policy and a note for premium thereon, instead of for $2,000, as agreed upon. He pleaded this as a defense to the action, and the jury returned a verdict in his favor.

*Thornton & Thornton,* for appellant.

A principal may intrust his interest to an agent, who has an interest that may be adverse to the principal's. Mech. Ag. § 713. Every person is presumed to know the contents of a writing signed by himself or by another at his request. Brad. Ev. 601; 141 N. Y. 559; 142 U. S. 56.

*Smead & Powell,* for appellee.

McCULLOCH, J. The testimony was conflicting on the issue as to the alleged fraud on the part of Ward in writing the application for a policy of $10,000 and the note for the premium on that amount, instead of $2,000; but the jury found, upon instructions to which there was no objection, in favor of appellee, and we must treat that issue as settled. The testimony is sufficient to have sustained a verdict either way on that issue.

Appellant asked an instruction, which the court refused, telling the jury that "if the defendant requested the witness Ward to sign his name to note sued on, he became the agent of defendant in signing the note; and if he did not follow defendant's instructions, then the plaintiff, if he took the note before maturity and for a valuable consideration, is not responsible for the act of the agent." The refusal of the court to give the instruction is now urged as grounds for reversal. The proof did not warrant the giving of this instruction. Ward was acting under authority from and control of appellant. It is shown that the company does not accept notes for premiums, but that the taking of notes by a special agent is done for the general agent, and that in so doing he acts for his superior, the general agent.

Ward testified on that point as follows:

"Q. Does Mr. Remmel take up all those notes taken by special agents?

"A. Yes, sir; we are not allowed to handle any paper whatever.

"Q. Then, while this note is taken in your name, it is really for Mr. Remmel?

"A. Yes, sir, and indorsed right over to him.

"Q. You did that because you were authorized by him to do so and turn it in to the general agent?

"A. Yes, sir."

This shows that Ward in taking the note was the agent of appellant, who is responsible for his acts in regard thereto. *Franklin Life Ins. Co.* v. *Galligan,* 71 Ark. 295; *Insurance Company* v. *Brodie,* 52 Ark. 11.

We do not mean to say that a person may not act as the agent of both parties to a transaction for some purposes, where there is no conflict of interest; but that rulé cannot be applied to the facts here, where Ward was the agent of appellant in taking the note.

We find no error, and the judgment is affirmed.